**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Stephen M. Bressler** (State Bar No. 009032)
Direct Dial: 602.262.5376
Direct Fax: 602.734.3742
Email: sbressler@lrrc.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn J. McGinnis, M.D., an Arizona resident, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| The Paul Revere Life Insurance Company, a foreign insurer, and Unum Group Corporation, a foreign corporation, | |
| Defendants. | |

Defendants The Paul Revere Life Insurance Company and Unum Group (jointly "Defendants") remove this action from the Superior Court of Arizona, County of Maricopa to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and LRCiv 3.6.

## I.   INTRODUCTION.

This lawsuit arises out of plaintiff's claim for monthly disability benefits under an individual disability insurance policy.  She seeks $7650 per month, dating back to March 11, 2016, as well as extra-contractual damages for alleged bad faith and punitive damages.

Plaintiff filed this lawsuit against Defendants in Maricopa County Superior Court, Case No. CV 2017-014735 on December 20, 2017.  (*See* Exhibit A, State Court File, Complaint).  Plaintiff served CSC on December 21, 2017.  CSC forwarded the summons and complaint to Unum's law department, which received it on December

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

103155337_1

26.  Plaintiff alleges two causes of action against Defendants: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing.  Pursuant to these claims, McGinnis seeks to recover: (1) damages for alleged breach of contract (count one), (2) actual, general and consequential damages for alleged bad faith (count two), (3) punitive damages (count two) and (4) attorneys' fees pursuant to A.R.S. § 12-341.01 (counts one and two).  Defendants have not yet responded to McGinnis' Complaint.

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.

## II.   THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332.

### A.   There Is Diversity of Citizenship.

#### 1.   McGinnis is a Citizen of Arizona

McGinnis alleges she has been an Arizona resident at all relevant times. (Complaint ¶ 1.)

#### 2.   Defendants are Foreign Citizens.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 80-81 (2010) ("'[P]rincipal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.").

Paul Revere is a Massachusetts corporation that has its principal place of business in Portland, Maine.

Unum Group is Delaware corporation with its principal place of business in Chattanooga, Tennessee.  (Complaint, ¶ 5)

### B.   The Amount In Controversy Exceeds $75,000.

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  A notice of

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

1   removal need only contain a "plausible allegation" that the amount in controversy

2   exceeds $75,000, and does not need to provide evidence supporting that allegation.

3   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A]

4   defendant's notice of removal need include only a plausible allegation that the amount

5   in controversy exceeds the jurisdictional threshold.").

6                         1.        Insurance Disability Benefits

7           The amount in controversy exceeds $75,000.[1]

8           Paul Revere paid Plaintiff monthly disability benefits from September 14, 2015

9   to March 11, 2016.  For her contract claim, Plaintiff seeks monthly disability benefits

10   of $7650 from March 11, 2016 forward.  As of January 9, 2018, these benefits totaled

11   $160,650.  This alone satisfies the amount in controversy.

12                         2.        Attorneys' Fees

13           Plaintiff also seeks attorneys' fees pursuant to A.R.S. § 12-341.01.  (Complaint

14   ¶ 52).  Attorneys' fees are included in the amount in controversy when assessing

15   whether the jurisdictional minimum has been met. *Galt G/S v. JSS Scandinavia*, 142

16   F.3d 1150, 1156 (9th Cir. 1998) (including attorneys' fees to calculate the amount in

17   controversy); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("attorneys'

18   fees can be taken into account in determining the amount in controversy if a statute

19   authorizes fees to a successful litigant"); *Richmond v. Allstate Ins. Co.*, 897 F. Supp.

20   447, 449-50 (S.D. Cal. 1995) (amount in controversy may include attorneys' fees

21   where recoverable by statute or contract).

22   _____

23   [1] The amount in controversy is "not proof of the amount the plaintiff will recover.
Rather, it is an estimate of the amount that will be put at issue in the course of the

24   litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Brill v
Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is
not what damages the plaintiff will recover, but what amount is 'in controversy'

25   between the parties.  That the plaintiff may fail in its proof, and the judgment be less
than the threshold (indeed, a good chance that the plaintiff will fail and the judgment

26   will be zero) does not prevent removal."); *Amoche v. Guar. Trust Life Ins. Co.*, 556
F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is *in controversy* in the

27   case, not how much the plaintiffs are ultimately likely to recover.").  Defendants
expressly reserve the right to deny liability and assert all defenses to Plaintiff's

28   substantive claims, as well as to contest the amount of her alleged damages.

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

### 3.     Bad Faith Compensatory and Punitive Damages.

Plaintiff alleges Defendants acted in bad faith when they denied her claim Pursuant to her bad faith claim, Wood seeks to recover compensatory and punitive damages.  Compensatory and punitive damages count toward the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar . . . cases. . . ."); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) ("Punitive damages may [] be included in determining the amount in controversy if they are recoverable under the applicable law."); *Ansley v. Metro. Life. Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (noting that where the plaintiff alleged that MetLife "unfairly and dishonestly" denied her claim for disability benefits and sought damages to "deter such action in the future," the amount of punitive damages at issue was more likely than not "significantly large," as evidenced by other insurance bad faith cases cited by MetLife in the notice of removal).

### 4.     The Amount in Controversy Exceeds $75,000.

The claimed monthly disability benefits alone put the amount in controversy over this Court's jurisdictional limit.  Defendants, therefore, remove this cause based on diversity jurisdiction because all of the information presents a "plausible allegation" that the amount in controversy exceeds $75,000.  *See Dart*, 135 S. Ct. at 554.

## III.     THIS REMOVAL IS TIMELY.

Plaintiff filed this action in Maricopa County Superior Court on December 20, 2017.  (*See* Exhibit A, State Court File.)  Plaintiff served CSC on December 21, 2017.  Unum's law department received the complaint on December 26.  Thus, this removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days from the date on which Defendants were served with the Complaint.

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

103155337_1

4

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

## IV.  DEFENDANTS HAVE MET ALL OTHER REQUIREMENTS FOR REMOVAL.

### A.    A Copy Of The State Court Record Is Attached.

Defendants attach a complete copy of the Maricopa County Superior Court record as Exhibit A (Docket, Affidavit of Service, Summons, Complaint, Certificate of Compulsory Arbitration, Cover Sheet, and Notice of Demand for Jury Trial), and verify that Exhibit A constitutes a true and complete copy of all pleadings and other documents filed in Maricopa County Superior Court in this matter.  *See* Declaration of Stephen M. Bressler, attached as Exhibit B hereto.  Defendants also attach as Exhibit C hereto a copy of the Notice of Filing for Notice of Removal which is being filed with the Clerk of the Superior Court in the State of Arizona in and for the County of Maricopa in this matter today.

## V.   DEFENDANTS HAVE NOTICED MARICOPA COUNTY SUPERIOR COURT CLERK AND PLAINTIFF.

Defendants are filing a copy of this Notice of Removal with the Clerk of the Maricopa County Superior Court today pursuant to 28 U.S.C. §1446(d) and Local Rule of Civil Procedure 3.7(a).  Defendants are also providing McGinnis with written notice of the filing of this Notice of Removal today through her counsel.

## VI.  CONCLUSION.

Defendants respectfully request this Court accept this Notice of Removal, assume jurisdiction of this case, and that all further proceedings be heard in this Court.

DATED this 10th day of January, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:    */s/Stephen M. Bressler*
       Stephen M. Bressler
Attorneys for Defendants

103155337_1

5

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of January, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Charles J. Surrano III, cjs@surranolawfirm.com
John N. Wilborn, jnw@surranolawfirm.com
Stephen C. Yost, syost@cycn-phx.com


*/s/ Kathleen A. Topczewski*

201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Lewis Roca
ROTHGERBER CHRISTIE

103155337_1

6